## The Night Hawks Burlesque Company

### v.

## The Louisville, Evansville & St. Louis Consolidated Railroad Company.

*Garnishment—Due Bill—Amount of—Recovery of—Evidence.*

In an action to recover an amount claimed to be due under a certain due bill, this court holds, in view of the evidence, that the instruction of the trial court to find for the plaintiff was error, likewise the entry of judgment for it upon the verdict, likewise the rendition of judgment against the garnishee for its use, and that neither can be allowed to stand.

[Opinion filed September 11, 1891.]

In error to the Circuit Court of St. Clair County; the Hon. B. R. Burroughs, Judge, presiding.

Mr. August Barthel, for plaintiff in error.

Messrs. G. & G. A. Koerner, for defendant in error.

Green, J.   Suit in attachment was brought by defendant in error against plaintiff in error before a justice of the peace and summons issued against it; Louis Tiemann was also summoned as garnishee. On the trial before the justice, he found

for the defendant, dismissed the suit, and rendered judgment for costs against the railroad company ; whereupon the latter appealed to the Circuit Court, where a trial was had, and the jury, by direction of the court, found for the plaintiff the amount of the instrument read in evidence. Defendant moved for a new trial and in arrest of judgment, but the court overruled both motions, entered judgment on the verdict for plaintiff for $79.20 damages, and for costs of suit. Also rendered judgment for $27.70 in favor of defendant for the use of plaintiff against the garnishee. To reverse the judgment of the Circuit Court defendant sued out this writ of error, and among other errors assigned, are the rulings of the court in directing the jury to find a verdict for plaintiff below, and denying the motions for a new trial and in arrest of judgment. The only evidence introduced on the trial was the following written instrument :

"Louisville, Ky., Apl. 20, 1890.   Due S. J. Gates, agt. L. E. & St. L. Con. R. R. the sum of forty-one dollars and 60-100 for transportation 16 persons Louisville to Evansville, Ind., and $37.61 in cash.   Total, $79.20.

"J. L. CAIN, Manager Night Hawks Company."

This due bill, of itself, furnished no evidence entitling the plaintiff to recover from the defendant. The amount mentioned therein was payable to S. J. Gates, not to the railroad company, and the addition "agt. L. E. & St. L. Con. R. R.," is a mere "descriptio personæ" not changing the legal effect. The due bill was signed by "J. L. Cain, Manager Night Hawks Company," not by defendant, or by one shown to have lawful authority to execute the instrument on its behalf.

It follows that plaintiff, having shown no lawful right of action against defendant below, the instruction by the court to the jury was error. It was also error to enter judgment for plaintiff and against defendant upon the verdict, and plaintiff not being entitled to recover, no judgment against the garnishee for its use should have been rendered.

The judgment against defendant and the judgment against Louis Tiemann, garnishee, are reversed and the cause remanded.                    *Reversed and remanded.*